# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORCAS D. HOLMES** : | |
|     Plaintiff, : | No. 1:08-CV-2152 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **ROBERT GATES, Secretary,** : | |
| **Department of Defense,** : | |
|     Defendant. : | |

## MEMORANDUM

Pending before the Court is Defendant Robert Gates' "Motion for a More Definite Statement or, In the Alternative, Motion to Strike and Dismiss" (Doc. No 24), Plaintiff Dorcas Holmes' Brief in Opposition (Doc. No. 28), and Defendant's Reply Brief (Doc. No. 30). The motions have been fully briefed and are ripe for disposition. For the reasons that follow, the Court will grant Defendant's motion for a more definite statement.

## I. BACKGROUND

Plaintiff filed a complaint against Defendant on November 28, 2008. (Doc. No. 1.) On March 27, 2009, Defendant moved for a more definite statement. (Doc. No. 7.) The case was stayed by the Court in order to allow Plaintiff to file an amended complaint. (Doc. No. 10.) Plaintiff filed her amended complaint on April 16, 2009. (Doc. No. 13.) On June 4, 2009, Defendant again moved for a more definite statement or, in the alternative, to strike and dismiss. (Doc. No. 24.) Plaintiff submitted her brief in opposition on July 7, 2009. (Doc. No. 28.) Defendant filed a reply brief on July 17, 2009. (Doc. No. 30.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

> In Iqbal, the Supreme Court outlined the necessary pleading standard under Rule 8:
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (citations removed).

The Iqbal Court outlined two separate principles that would help in determining whether the Rule 8 pleading requirement had been met. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. (citations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. Whether a claim for relief is plausible is a context-specific inquiry "that requires the reviewing court to draw on its judicial experience and common sense." Id. Simply put, "where the well-pleaded facts do not permit the court to infer more than the mere possibility

of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (citations omitted).

## III. DISCUSSION

Plaintiff filed this employment discrimination action against Robert Gates, Secretary of Defense, as the head of the Defense Logistics Agency ("DLA"), an agency of the Department of Defense. Pointing to the pleading standard requirements outlined by the Supreme Court in Twombly and Iqbal, Defendant has motioned the Court to require Plaintiff to submit a more definite statement. (Doc. No. 24.) Defendant argues that Plaintiff's complaint "is devoid of any facts enlightening Defendant as to what specific matters [Plaintiff] is referring . . . ." (Doc. No. 30, at 4-5.)

The Court agrees with Defendant. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1950. In this case, Plaintiff's complaint fails to contain "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at 1949 (citation omitted). Although Plaintiff indicates that she has a claim for racial discrimination that arises under Title VII (Doc. No. 13 ¶ 3), she does little more than recite the legal elements of her claim. The bulk of Plaintiff's allegations are found in paragraphs 6 and 7 of the amended complaint:

> Defendant, through his agents in the DLA . . . has undertaken a course of retaliatory and harassing conduct, occurring subsequent to and apart from the matters alleged and litigated in Civil Action No. 05-2530, and including the denial of educational and training opportunities in order for [Plaintiff] to advance in her career, denial of promotional opportunities, subjecting [Plaintiff] to degrading and humiliating working conditions, and otherwise harassing conduct as a result of her race and in retaliation for her engaging in protected activities. . . .
>
> More specifically, [Plaintiff's] complaints include the failure and refusal to

> reimburse her for tuition that similarly-situated non-minority coworkers and/or coworkers who have not engaged in a history of protected activities would have had paid, the denial of leave without pay for additional training, the denial of additional promotion opportunities, keeping her working in a cold and drafty hallway, to her known physical detriment, and otherwise creating a hostile offensive and abusive work environment.

(Doc. No. 13 ¶¶ 6-7.) Thus, aside from Plaintiff's reference to being kept "in a cold and drafty hallway" (Doc. No. 13 ¶ 7), Plaintiff fails to state any factual allegations to support the framework of her complaint. By arguing that Defendant has "undertaken a course of retaliatory and harassing conduct" (Doc. No. 13 ¶ 6) Plaintiff does little more than recite the elements of a cause of action. Therefore, she must amend her complaint to give Defendant notice of the facts that she alleges support her claim for discrimination under Title VII.

## IV.  CONCLUSION

For purposes of Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. In this case, Plaintiff has failed to meet the liberal pleading standard set by Rule 8. Therefore, Defendant's motion for a more definite statement will be granted, and Plaintiff will be allowed leave to amend. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORCAS D. HOLMES** : | |
| Plaintiff, : | No. 1:08-CV-2152 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **ROBERT GATES, Secretary,** : | |
| **Department of Defense,** : | |
| Defendant. : | |

## ORDER

**NOW**, this 19th day of October 2009, upon consideration of the Defendant's motion for a more definite statement, **IT IS HEREBY ORDERED THAT** the motion is **GRANTED**. Plaintiff is directed to file an amended complaint that comports with the Federal Rules of Civil Procedure on or before November 2, 2009. If an amended complaint is not filed within that time, Plaintiff's complaint will be dismissed.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
