IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORCAS D. HOLMES** : | |
| Plaintiff, : | No. 1:08-CV-2152 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **ROBERT GATES, Secretary,** : | |
| **Department of Defense,** : | |
| Defendant. : | |

**MEMORANDUM**

Pending before the Court is Defendant Robert Gates' "Motion to Dismiss with Prejudice" and supporting brief (Doc. Nos. 41, 42), Plaintiff Dorcas Holmes' brief in opposition (Doc. No. 44), and Defendant's reply brief (Doc. No. 45). For the reasons that follow, the Court will grant Defendant's motion to dismiss.

**I.   BACKGROUND**

On November 28, 2008, Plaintiff Dorcas Holmes filed this employment discrimination action against Defendant Robert Gates, Secretary of Defense, as the head of the Defense Logistics Agency, an agency of the Department of Defense. (Doc. No. 1.) On March 27, 2009, Defendant moved for a more definite statement. (Doc. No. 7.) On March 31, 2009, the parties appeared before the Court in a case management conference, at which Plaintiff's counsel agreed to file an amended complaint. The case was stayed by the Court in order to allow Plaintiff to do so. (Doc. No. 10.) On April 16, 2009, Plaintiff filed her amended complaint. (Doc. No. 13.)

On June 4, 2009, Defendant again moved for a more definite statement or, in the alternative, to strike and dismiss. (Doc. No. 24.) On October 19, 2009, finding that Plaintiff failed to meet the pleading requirements set by the Supreme Court in Bell Atlantic Corporation v.

1

Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937 (2009), the Court granted Defendant's motion for a more definite statement and ordered Plaintiff to file an amended complaint. (See Doc. No. 35.)

On October 20, 2009, Plaintiff filed a motion for reconsideration of this Court's order granting Defendant's motion for a more definite statement. (Doc. No. 36.) On October 22, 2009, the Court denied Plaintiff's motion for reconsideration. (Doc. No. 39.)

In responding to the Court's order to file an amended complaint, Plaintiff submitted her second amended complaint on November 1, 2009. (Doc. No. 40.) After review, the Court finds that the body of Plaintiff's second amended complaint includes the exact same text as the first amended complaint, with the exception of three minor changes.[1] Specifically, Plaintiff adds the sentence "The actions continue through the present as reflected in Civil Action No. 09-2093" at the end of the fifth paragraph. (See Doc. No. 40 ¶ 5.) In paragraph 6, Plaintiff adds the word "and" between the words "opportunities" and "subjecting." (See Doc. Nos. 13 ¶ 6, 40 ¶ 6.) In paragraph 7, Plaintiff amends by adding lettered headings "a)" through "e)" to the paragraph. (Doc. No. 40 ¶ 7.) Additionally, Plaintiff amends the phrase "otherwise creating a hostile offensive and abusive work environment" in paragraph 7 by adding "through the abusive working conditions, repeated and bogus disciplinary suggested actions, lies and deceit in connection with the foregoing adverse employment actions, and overt and covert acts of racial

---

[1] Plaintiff's second amended complaint also includes two pages of an "Introductory Statement" and two footnotes. However, the use of an introductory statement and footnotes run counter to the pleading requirements set forth by Federal Rule of Civil Procedure 10(b). See Fed. R. Civ. Pro. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Therefore, those portions of Plaintiff's second amended complaint that fail to comply with Rule 10(b) are stricken.

animus." (Id.)

On November 16, 2009, Defendant filed the motion to dismiss which is presently pending before the Court. (Doc. No. 41.)

## II. STANDARD OF REVIEW

As this Court recognized in its previous order (Doc. No. 35), under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). As the Court in Iqbal explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

129 S. Ct. at 1949 (internal citations omitted). "This . . . simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal quotations and citations omitted). In establishing a framework for district courts to analyze the sufficiency of a pleading after Iqbal, the Third Circuit has directed district courts to go through a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded

> facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. . . . This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## III. DISCUSSION

Pointing to the pleading standard requirements outlined by the Supreme Court in Twombly and Iqbal, Defendant has moved the Court to dismiss Plaintiff's complaint. (Doc. Nos. 41, 42.) In reviewing Plaintiff's second amended complaint, the Court will undertake the analytical framework set by the Third Circuit in Fowler.

### A. Step 1: Separating Factual Elements from Legal Elements

Pursuant to Fowler, the Court is first directed to review Plaintiff's complaint for its well-pleaded facts, and to disregard any legal conclusions. According to the second amended complaint, Plaintiff is an African-American female who has been employed by the Defense Logistics Agency ("DLA") in New Cumberland, Pennsylvania, since 1995. (Doc. No. 40 ¶¶ 1, 4.) Plaintiff alleges that "[t]hroughout her employment," she has complained about mismanagement and racially discriminatory practices at the DLA, including by "filing numerous administrative charges of discrimination as well as federal litigation . . . ." (Id. ¶ 5.) As a result of her actions, Plaintiff's career has been kept "stagnant . . . despite her qualifications and efforts to advance with the DLA." (Id.)

Plaintiff alleges that Defendant, through his agents in the DLA, including Paul Okum and

4

Jackie Noble, has "undertaken a course of retaliatory and harassing conduct . . . including the denial of educational and training opportunities in order for Plaintiff to advance in her career, denial of promotional opportunities, and subjecting Plaintiff to degrading and humiliating working conditions, and otherwise harassing conduct as a result of [Plaintiff's] race and in retaliation for her engaging in protected activities." (Doc. No. 40 ¶ 6.) These retaliatory and discriminatory actions are continuing. (Id.)

Plaintiff avers more specifically that the retaliation against her has included a failure to reimburse her for tuition that was otherwise granted to non-minority coworkers, the "denial of leave without pay for additional training," "the denial of additional promotion opportunities," "keeping her working in a cold and drafty hallway," and creating a hostile work environment "through the abusive working conditions, repeated and bogus disciplinary suggested actions, lies and deceit in connection with the foregoing adverse employment actions, and overt and covert acts of racial animus." (Id. ¶ 7.)

### B. Step 2: Plaintiff's Showing (Rather than Merely Alleging) of an Entitlement to Relief

Having identified the well-pleaded facts in Plaintiff's second amended complaint, the Court is next directed to determine whether they are sufficient to show that Plaintiff has a "plausible claim for relief." Fowler, 578 F.3d at 210-11 ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.") (citation omitted). In interpreting the difference between "alleging" and "showing," the Court finds a recent illustration from the District of New Jersey to be particularly helpful:

> To illustrate, Plaintiff might state, for instance, the following facts: "on such-and-such day, Defendant X walked into my cell and

committed such-and-such actions, e.g., hit Plaintiff" but Plaintiff cannot substitute such facts with conclusory statements reading, for example, as follows: "Defendant X conspired with Defendant Y to obstruct Plaintiff's actions."

Hoffenberg v. Grondolsky, Civ. No. 09-4784, 2009 WL 5103181, *4 n.7 (D.N.J. Dec. 17, 2009).

Breaking down Plaintiff's complaint of the "course of retaliatory and harassing conduct" by Defendant against her, the complaint avers a number of different allegations. Specifically, Plaintiff avers that Defendant retaliated against her by:

- "denial of educational and training opportunities in order for Plaintiff to advance in her career,"

- "denial of promotional opportunities,"

- "subjecting Plaintiff to degrading and humiliating working conditions,"

- "harassing conduct as a result of [Plaintiff's] race and in retaliation for her engaging in protected activities."

- "failure and refusal to reimburse her for tuition that similarly-situated non-minority coworkers and/or coworkers who have not engaged in a history of protected activities would have had paid,"

- "denial of leave without pay for additional training,"

- "denial of additional promotion opportunities,"

- "keeping her working a cold and drafty hallway, to her known physical detriment,"

- "creating a hostile offensive and abusive work environment through the abusive working conditions, repeated and bogus disciplinary suggested actions, lies and deceit in connection with the foregoing adverse employment actions, and overt and covert acts of racial animus."

(Doc. No. 40 ¶¶ 6-7.) After reviewing these claims, the Court finds that they are the sort of

6

conclusory statements that are "merely consistent with" Defendant's liability, and that they "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (internal citations omitted). Aside from Plaintiff's reference to being kept "in a cold and drafty hallway"–which alone is not indicative of any sort of racial animus–Plaintiff fails to show facts that support the framework of her complaint.[2]

## IV. CONCLUSION

For purposes of Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citation omitted). In this case, Plaintiff has failed to meet the liberal pleading standard set by Rule 8. Therefore, Defendant's motion to dismiss will be granted.

Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment–irrespective of whether it is requested–when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). In the present case, Plaintiff has previously been granted leave twice to amend her complaint, but has failed to do so in good faith and in effect has indicated her desire to stand on her complaint as filed.[3] Therefore, the Court

---

[2] The Court notes that in amending her complaint, Plaintiff might have cured her complaint by answering some very basic questions: What sort of conduct does Plaintiff deem was retaliatory or harassing? What sorts of promotional opportunities were denied to her? What conditions of her employment were degrading and humiliating? When was she denied reimbursement for tuition or denied leave to pursue additional training and for what types of programs? What specific working conditions created a hostile work environment? What disciplinary actions were taken against her? What were the lies that were told to her in connection to her employment? What were specific actions of racial animus against her?

[3] Indeed, Plaintiff has motioned for leave to submit a third amended complaint which, aside from adding the case numbers of administrative claims by Plaintiff (see Doc. No. 49-2 ¶

will not allow her to leave to amend. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (citation omitted). An order consistent with this memorandum follows.

---

10), continues to assert the same conclusory statements as in the previous three iterations of Plaintiff's complaint.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORCAS D. HOLMES** : | |
| Plaintiff, : | No. 1:08-CV-2152 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **ROBERT GATES, Secretary,** : | |
| **Department of Defense,** : | |
| Defendant. : | |

## ORDER

**AND NOW**, this 11th day of March 2010, upon consideration of Defendant's motion to dismiss (Doc. No. 41), it is **HEREBY ORDERED THAT**:

1. Defendant's motion to dismiss is **GRANTED**. Accordingly, Plaintiff's second amended complaint (Doc. No. 40) is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's motion to compel and request for sanctions (Doc. No. 43) is **DISMISSED AS MOOT**.

3. Plaintiff's motion for leave to file his third amended complaint (Doc. No. 47) is **DENIED**.

4. The Clerk of Court is directed to close this case.

                                                                                          S/ Yvette Kane
                                                                                          Yvette Kane, Chief Judge
                                                                                          United States District Court
                                                                                          Middle District of Pennsylvania